UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY TERRELL WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-86-AGF |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Terry Terrell Watson (registration no. 129923) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $60.00 and an average monthly balance of $24.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief pursuant to 42 U.S.C. § 1983. Named as defendants are the St. Louis City Justice Center, Shirley Hassell (Lieutenant), Syreeta Johnson (Correctional Officer), R. Gordon (Correctional Officer), City of St. Louis, Unknown Marzuco (Correctional Officer), and Robert Bond (Captain). Plaintiff alleges that,

due to a "serious breach of security by correctional officers," he was the victim of an inmate assault on August 11, 2010. He claims that he suffered a sprained ankle and a small laceration on his lower lip. Plaintiff alleges that "through negligence or lack of necessary precaution," defendants failed to protect him. He further alleges that he "wasn't treated properly or given any pain medication and they (the St. Louis C.J.C.) did not prepare proper medical reports." Plaintiff complains that as a result of the incident, he was placed in disciplinary segregation for fifty days. In addition, he claims that defendant Bond threatened to allow other inmates to assault plaintiff.

**Discussion**

Having carefully reviewed the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous and fails to state a claim or cause of action against any of the named defendants. Jails, such as the St. Louis City Justice Center, are not suable entities. See Lair v. Norris, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit). Moreover, although a municipality, such as defendant City of St. Louis, is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. Id. at 694. The instant complaint asserts no such allegations against the City of St. Louis.

As to the individual defendants, Shirley Hassell, Syreeta Johnson, R. Gordon, Unknown Marzuco, and Robert Bond, the Court notes that plaintiff is suing them in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint

is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, which in the instant case is the City of St. Louis. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell, 436 U.S. at 690-91. Plaintiff does not allege that a policy or custom of any government entity was responsible for the alleged violations of his constitutional rights.

As additional reasons for dismissing this action, the Court finds that the merits of plaintiff's claims are legally frivolous. Allegations of mere negligence do not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Furthermore, plaintiff's claims that he was unfairly placed in disciplinary segregation for fifty days do not implicate constitutionally protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Similarly, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit,

thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

Last, plaintiff's claim that defendant Bond threatened him does not rise to the level of a constitutional violation. See Burton v. Livingston, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983).

For the above-stated reasons, the Court concludes that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $12.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as <u>Terry Terrell Watson v. St. Louis City Justice Center, Shirley Hassell, Syreeta Johnson, R. Gordon, City of St. Louis, Unknown Marzuco, and Robert Bond.</u>

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE